UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| PATRICIA HARNDEN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:18-cv-00013-LEW |
| | ) | |
| YORK INSURANCE COMPANY OF MAINE, et al., | ) ) | |
| | ) | |
| Defendants | | |

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND FILE LATE ANSWER

Defendant, Netherlands Insurance Company moves to set aside the default entered against it on March 23, 2018 and to file a late answer. The Plaintiff, Patricia Harnden, opposes that request. For the following reasons, the Court **GRANTS** Defendant's Motion to Set Aside Default and File Late Answer.

### PROCEDURAL BACKGROUND

On January 10, 2018, Harnden filed a complaint against National General Insurance seeking a declaratory judgment and asserting claims for breach of contract, violation of the Maine Unfair Claims Settlement Practices Act, and violation of the Maine Unfair Trade Practices Act. Complaint (ECF No. 1). On February 6, 2018, Harnden filed her First Amended Complaint which removed National General Insurance as a defendant and named two new defendants: Netherlands Insurance Company and York Insurance Company of Maine. Amended Complaint (ECF No. 6). On March 23, 2018, Harnden moved for default

against Netherlands and submitted a Proof of Service indicating that Netherlands had been served through its agent of service, Corporation Service Company ("CSC"), on February 8, 2018. Motion for Default (ECF No. 15, #45); Motion for Default, Ex. A, 2 (ECF No. 15-1, #49). When no response was received from Netherlands, a clerk's default was entered on March 23, 2018. Order Granting Motion for Entry of Default (ECF No. 16). Harnden then moved for Default Judgment on April 13, 2018, and a damages hearing was scheduled for February 11, 2019. Motion for Default Judgment (ECF No. 19); Notice of Damages Hearing (ECF No. 41).

Pursuant to this Court's order, Harnden served Netherlands with notice of the damages hearing on December 18, 2018, once again serving Netherlands through CSC. Proof of Service (ECF No. 46). On December 21, 2018, Netherlands filed the instant motion. Motion for Leave to File Late Answer (ECF No. 45). On January 3, 2019, Netherlands filed a memorandum in support of its motion asserting that it "did not receive notice of the complaint or the instant action when CSC was originally served." Memorandum in Support of Defendant's Motion ("Motion Memo"), 2 (ECF No. 48, #115).

## DISCUSSION

Under Federal Rule of Civil Procedure 55(a), the clerk must enter default against a party who has "failed to plead or otherwise defend." However, in cases where "good cause" is shown, the Court may set aside the entry of default. Fed. R. Civ. P. 55(c).

The phrase "good cause" is construed liberally[1] and Courts are not required to adhere to a rigid or "mechanical formula" when considering whether good cause exists. *In re Game Tracker, Inc.*, 746 F. Supp. 2d 207, 217 (D. Me. 2010). In this determination, courts are permitted to consider a variety of relevant factors, which often include: "(1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, (3) whether the defaulting party presents a meritorious defense, (4) the explanation for the default, (5) the good faith of the parties, (6) the amount of money involved, and (7) the timing of the motion." *Lucerne Farms v. Baling Techs., Inc.*, 208 F.R.D. 463, 465 (D. Me. 2002) (citing *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)). As the overriding philosophy of the federal rules is that "actions should ordinarily be resolved on their merits," I must "resolve doubts in favor of a party seeking relief from the entry of a default." *Coon*, 867 F.2d at 76 (citations omitted).

## I. JUSTIFICATION FOR DEFAULT

Three of the "good cause" factors—namely the proffered explanation for default, whether the default was "willful," and whether the defaulting party acted in "good faith"—concern whether Netherlands has offered an adequate "justification for its default" and I will consider them together. *See Lucerne Farms*, 208 F.R.D. at 465.

In its motion, Netherlands asserts it was not aware of the instant lawsuit until it received notice of the damages hearing on December 18, 2018. Netherlands explains:

> CSC is a Commercial Registered Agent ("CRA") services provider in the State of Maine, and happens to be the CRA for Netherlands as well

---

[1] "Unlike the more stringent standard of 'excusable neglect' applied to a motion for relief from final judgments pursuant to Federal Rule of Civil Procedure 60(b), the 'good cause' criterion applied to motions to set aside entries of default is more liberal, setting forth a lower threshold for relief." *Snyder v. Talbot*, 836 F.Supp. 26, 28 (D. Me. 1993) (citations omitted).

as for York, the other defendant in this matter. . . . CSC received via personal service a single copy of a summons and the complaint issued in this action on February 8, 2018. The copy of the summons received had both York and Netherlands underlined by hand. On February 9, 2018, CSC determined that the summons should be provided to York because it was York's CRA and York was the first defendant underlined. CSC processed the summons and Complaint as directed to York. . . . In accordance with its own policies, CSC did not send the summons and complaint to Netherlands or provide any type of notice to Netherlands.[2]

Motion Memo, 2 (ECF No. 48, #115) (record citations omitted). These assertions are supported by affidavits of representatives from CSC[3] as well as Liberty Mutual Group, Inc.[4] Affidavit of Caitlin Alaburda (ECF No. 48-1, #121), Affidavit of Janet Nolan (ECF No. 48-4, #151). Harnden denies Netherlands' "specious argument," instead asserting that "the proofs of service clearly indicate that each Defendant was served with separate process of the Amended Complaint." Plaintiff's Objection, 4 (ECF No. 55, #247).

Resolving doubts in favor of the movant, Netherland's proffered explanation provides "reasonable justification" for their initial lack of response. *Snyder v. Talbot*, 836 F. Supp. 26, 29 (D. Me. 1993) (citing *Coon*, 867 F.2d at 76). The circumstances leading

---

[2] Netherlands asserts it received the notice of the damages hearing because unlike the summons, Netherlands was highlighted and "clearly designated as the party to whom the document was directed." Motion Memo, 2 (ECF No. 48, #115). CSC forwarded the document to Netherlands on December 18, 2018. *Id.*

[3] Caitlin Alaburda, a CSC employee who is responsible for reviewing summons and communicating with customers of CSC asserts that based on her personal knowledge and upon a review of CSC's business records, because CSC received only one copy of the Summons and Amended Complaint, CSC served the documents to the first-underlined defendant, York Insurance Company, only. Affidavit of Caitlin Alaburda ¶¶ 2, 10 (ECF No. 48-1, # 126).

[4] Netherlands is a subsidiary of Liberty Mutual Group, Inc. As testified by Liberty's representative, Janet Nolan, "when lawsuits are filed against The Netherlands Insurance Company, those suits are forwarded to Liberty Mutual Group, Inc. to manage." Affidavit of Janet Nolan ¶ 3 (ECF No. 48-4, #151). Nolan testifies that based on a review of Liberty Mutual Group, Inc.'s database, "there was no notice of the lawsuit provided at or near the date of the complaint and no notice of the lawsuit until December 18, 2018." *Id.* ¶ 7.

to Netherlands' failure to respond—specifically CSC's failure to provide any form of notice to Netherlands pursuant to its internal protocols—were "out of [Netherlands'] control." *Winslow Marine, Inc. v. J. Supor & Son Trucking & Rigging, Inc.*, 2016 WL 7235670, at *2 (D. Me. Dec. 14, 2016) (granting a motion to vacate default judgment when a corporation received no notice of the suit filed against them due to their "inadvertent oversight" of failing to update their corporate address with their registered agent).

Without notice of the lawsuit, Netherlands' default can hardly be considered 'willful' or to "show contempt for the court's procedures or an effort to evade the court's authority." *Lucerne*, 208 F.R.D. at 466. Furthermore, the record lacks allegations or indications of bad faith. In my view, the facts as asserted lead to the opposite conclusion—by responding once it was aware of Harnden's claims, Netherlands acted in good faith and exhibited a willingness to participate fully in the ongoing legal process.

## II. MERITORIOUS DEFENSE

In order to allege a meritorious defense, "a party seeking relief from entry of default must present more than general denials or conclusory statements." *Curtin v. Proskauer, Rose Goetz & Mendelsohn Grp. Long Term Disability Plan*, 2002 WL 273300, at *3 (D. Me. Feb. 27, 2002) (citing *Maine Nat'l Bank v. F/V Cecily B,* 116 F.R.D. 66, 69 (D. Me.1987)). Courts set aside an entry of default when "it appears that the defaulting party might prevail if the case were allowed to proceed" or, in other words, when a party's assertions "plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." *Lucerne Farms*, 208 F.R.D. at 466 (quoting *Coon*, 867 F.2d at 77).

Netherlands asserts that under the terms of the insurance policies at issue, "Netherlands is entitled to the full amount of the offset, which in practice serves to eliminate any responsibility of Netherlands to pay Plaintiff."[5]  Motion Memo, 4 (ECF No. 48, #117).  To support their argument, Netherlands cites to the record[6] as well as established caselaw.[7]  Harnden contests Netherlands entitlement to an offset and counters that the Court cannot evaluate Netherlands claims because Netherlands has not provided a copy of the York policy.  Plaintiff's Objection, 5-6 (ECF No. 55, #248-49).

Without predicting the outcome of this case, it is clear Netherlands has provided specific denials to liability and has "plausibly suggest[ed] the existence of facts which, if proven at trial, would constitute a cognizable defense"—the fundamental requirements of a meritorious defense.  *Coon*, 867 F.2d at 77; *see also Phillips v. Weiner*, 103 F.R.D. 177, 181 (D. Me. 1984) (relying on the moving party's assertions and finding that "neither

---

[5] The basis of this action arises out of a car accident in which Harnden was a passenger in a vehicle driven and owned by Sylvia Parsons. Motion Memo, 4 (ECF No. 48, #117).  In this claim, Harnden is seeking compensation from Netherlands because her damages "exceeded the tendered available insurance policy limits from the fault party." Amend. Compl. ¶ 8 (ECF No. 6, #25).  Harnden argues she is entitled to payment from Netherlands under its "underinsured motorist" provision because it "does not get credit against the potential judgment for the full amount of coverage available under the terms of the York policy." Plaintiff's Objection, 5 (ECF No. 55, #5).

[6] Netherlands asserts the record provides sufficient evidence demonstrating that "its policy is excess." Plaintiff's Objection, 5 (ECF No. 57, #270). Specifically, Netherlands cites "statements made by the Plaintiff and York in their own court filings," "the specific language of the Netherlands' policy," and Harnden's responses to discovery requests and filings. *Id.*.

[7] Netherlands cites to *Levine v. State Farm Mutual Automobile Insurance Co.*, 2004 ME 33, 843 A.2d 24 (holding that an insurer may offset the amount of coverage available in in a policy providing UM coverage by the amount paid by the tortfeasor) and *Tibbetts v. Dairyland Ins. Co.*, 2010 ME 61, 999 A.2d 930 (indicating that when two or more UM policies are at issue, "under the gap approach, a court allocates the offset by first determining the gap in coverage, and then assigning insurers to cover that gap depending on their status as primary or excess") in support of their argument that "there is no excess such that Netherlands has responsibility to pay." Reply to Plaintiff's Objection, 5-6 (ECF No. 57, #270-71).

further factual inquiry nor review of state law is necessary in order to reach the conclusion that the proffered defenses have merit for pleading purposes").

## III. PREJUDICE TO PLAINTIFF

Harnden makes two primary arguments regarding the prejudice she would suffer if the default were lifted. First, she asserts that "[w]hen a defendant is late filing an answer for months or years, prejudice should be presumed." Second, she argues that because she "relied on the existing state of affairs" when settling with York Insurance—primarily, the assumption that "[t]here was up to $100,000 in coverage available from Netherlands"— her ability to litigate her claim has been impaired. Plaintiff's Objection, 7 (ECF No. 55, #250).

Harnden's first claim of prejudice clearly fails. It is well established that "prejudice cannot be inferred merely from the passage of time." *Snyder v. Talbot*, 836 F. Supp. 26, 30 (D. Me. 1993).

Likewise, Harnden's second claim of prejudice is insufficient. While it is true that "[p]rejudice exists if circumstances have changed since entry of the default such that plaintiffs' ability to litigate their claims is now impaired in some material way or if relevant evidence has become lost or unavailable," the record in this case is devoid of facts indicating that Harnden's ability to litigate her claims will actually be impaired. *In re Game Tracker, Inc.*, 746 F. Supp. 2d at 218 (citations and alterations omitted). Traditionally, courts look to factors such as "whether 'witnesses have died,' 'memories have dimmed beyond refreshment,' a 'discovery scheme has been thwarted,' or 'evidence has been lost' during the time that elapsed from a party's default" to determine if a party

will be prejudiced—none of which are alleged in this case. *Snyder*, 836 F. Supp. at 30 (citing *Coon*, 867 F.2d at 77); *see also In re Game Tracker, Inc.*, 746 F. Supp. 2d at 218 (indicating a plaintiff would be prejudiced because "six years ha[d] passed since default was entered" and the plaintiff would be forced to shoulder the "additional burden of finding new witnesses").

Despite her heated assertions to the contrary, Harnden will not be prejudiced if the default is set aside. When she settled with York, Harnden "took a chance" that the default would not be set aside. *See Winslow Marine, Inc.*, 2016 WL 7235670, at *3 (finding no prejudice to the third-party plaintiff even though the third-party plaintiff relied on the assumption that the third-party defendant's default would allow it to recover some of the funds it owed to the plaintiff when it entered into a settlement agreement). The fact that this risk did not pan out in Harnden's favor does not form the basis of prejudice. *Id*. By setting aside the default, Harnden will be obligated to litigate her claim against Netherlands—a burden no greater than what was required of her when she filed her lawsuit.

## CONCLUSION

After consideration of the "good cause" factors and in light of the emphasis placed on deciding disputes on their merits, I find Netherlands has made a showing of "good cause" that justifies setting aside the entry of default. Accordingly, I **GRANT** Netherlands' Motion to Set Aside Default and File a Late Answer (ECF No. 45), thereby mooting Plaintiff's Motion to Continue Damages Hearing (ECF No. 54).

**SO ORDERED.**

Dated this 6th day of February, 2019.

/S/ Lance E. Walker
**LANCE E. WALKER**
**UNITED STATES DISTRICT JUDGE**