UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA HARNDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:18-cv-00013-LEW |
| | ) |
| YORK INSURANCE COMPANY | ) |
| OF MAINE, et al., | ) |
| | ) |
| Defendant | ) |

**ORDER ON DEFENDANT NETHERLANDS INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Patricia Harnden filed this declaratory judgment action asserting claims for breach of contract, violation of the Maine Unfair Claims Settlement Practices Act, and violation of the Maine Unfair Trade Practices Act. Compl. (ECF No. 1); Amend. Compl. (ECF No. 6). Defendant Netherlands Insurance Company – the sole remaining defendant – now moves for summary judgment. Mot. Summ. J. (ECF No. 72).

For the reasons discussed herein, Defendant Netherlands Insurance Company's Motion for Summary Judgment (ECF No. 72) is **GRANTED**.

**SUMMARY JUDGMENT FACTS**

The summary judgment facts are drawn from the parties' stipulations and statements of material facts submitted in accordance with Local Rule 56. The Court will adopt a statement of fact if it is admitted by the opposing party and is material to the dispute. If a statement is denied or qualified by the opposing party, or if an evidentiary objection is raised concerning the record evidence cited in support of a statement, the Court will review

those portions of the summary judgment record cited by the parties, and will accept, for summary judgment purposes, the factual assertion that is most favorable to the party opposing the entry of summary judgment, provided that the record material cited in support of the assertion is of evidentiary quality and is capable of supporting the party's assertion, either directly or through reasonable inference. D. Me. Loc. R. 56; *Boudreau v. Lussier*, 901 F.3d 65, 69 (1st Cir. 2018).

On December 28, 2015, Plaintiff Patricia Harnden was a passenger in a vehicle owned and operated by Sylvia Parsons. Stipulated Statement of Material Facts ("SMF") ¶¶ 1-2 (ECF No. 71, #391-92). While Ms. Parson's vehicle was stopped or in the process of stopping at a red light, it was struck from behind by a vehicle owned and operated by Mary Ryan. SMF ¶ 3. Plaintiff asserts she suffered "significant injury and damages" because of the accident. SMF ¶ 4.

Mary Ryan was determined to be the party at fault for the accident. SMF ¶ 6. Mary Ryan was insured under a policy issued by State Farm Mutual Automobile Insurance Company ("State Farm"). SMF ¶ 5. This policy included a Bodily Injury Liability Limit of $100,000.00 per person and $300,000.00 per accident.[1] SMF ¶ 5. Plaintiff settled her claims against Ryan with State Farm in exchange for a payment equal to the policy limit: $100,000. SMF ¶¶ 6-7.

---

[1] Policy Number 003504119L. SMF ¶ 5.

Both Parsons and her vehicle were insured under a policy issued by York Insurance Company of Maine.[2] SMF ¶ 8. This policy included coverage up to the policy limit of $500,000 for acts of underinsured motorists. SMF ¶ 10. This policy contained an "Other Insurance" provision in the Uninsured Motorist Coverage Endorsement which stated in relevant part:[3]

> If there is other applicable insurance similar to the insurance provided by this endorsement, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own, including any vehicle used as a temporary substitute for "your covered auto", shall be excess over any other collectible insurance similar to the insurance provided by this endorsement.

Def.'s Statement of Material Facts ("DSMF") ¶¶ 1, 2 (ECF No. 73, #578); SMF, Ex. 4 at 75 (ECF No. 71-4). Plaintiff settled her claims against York Insurance Company in exchange for a payment of $100,000 – a figure far below the policy limit of $500,000. SMF ¶ 11.

At the time of the accident, Plaintiff was insured under a policy issued by Netherlands Insurance Company.[4] SMF ¶ 12. This policy included coverage for acts of underinsured motorists up to the policy limit of $100,000. SMF ¶ 14. This policy also included an "Other Insurance" provision in the Uninsured Motorist Coverage Endorsement

---

[2] This policy (Policy Number PPD0010187N1203) was effective from November 21, 2015 until November 21, 2016. SMF ¶ 8.

[3] Plaintiff contests the efficacy and validity of this provision under Maine Law. Pl.'s Opp. Statement of Material Facts ("Pl.'s Opp. SMF") ¶ 2 (ECF No. 77, #588).

[4] This policy (Policy Number 33PW892273) was effective from September 30, 2015 until September 30, 2016. SMF ¶ 12.

identical to the provision included in Parsons's York Policy.[5]  DSMF ¶¶ 1, 3; SMF, Ex. 5 at 68 (ECF No. 71-5).

## DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  As cautioned by the Supreme Court, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby*, *Inc*., 477 U.S. 242, 247-48 (1986).  A material fact is one that has the potential to determine the outcome of the litigation.  *Id.* at 248; *Oahn Nguyen Chung v. StudentCity.com*, *Inc.*, 854 F.3d 97, 101 (1st Cir. 2017).  To raise a genuine issue of material fact, the party opposing the summary judgment motion must demonstrate that the record contains evidence that would permit the finder of fact to resolve the material issues in her favor.  *See Triangle Trading Co. v. Robroy Indus*., *Inc*., 200 F.3d 1, 2 (1st Cir. 1999) ("Unless the party opposing a motion for summary judgment can identify a genuine issue as to a material fact, the motion may end the case.").

In its motion, Defendant focuses on one narrow question: "whether Plaintiff would be permitted to recover under the Netherlands' Policy if her damages are in excess of the amounts already recovered."  Mot. Summ. J., 3.  Relying on *Tibbetts v. Dairyland Ins. Co.*, 2010 ME 61, 999 A.2d 930, Defendant asserts that it is the "excess" underinsured motorist

---

[5] Once again, Plaintiff contests the efficacy and validity of this provision under Maine Law.  Pl.'s Opp. SMF ¶ 3.

("UM") insurer and, in light of the coverage provided by Parsons's York insurance policy, has no liability to pay any damages to Plaintiff. Mot. Summ. J., 3-7. In response, Plaintiff agrees with the framework established in *Tibbets*, but argues that under *York Mutual Insurance Company v. Continental Insurance Company*, 560 A.2d 571 (Me. 1989), the York and Netherlands policies' "Other Insurance" provisions are contrary to Maine law and, therefore, should be discarded. Pl.'s Opp., 2-3 (ECF No. 74, #582-83). As a result, Plaintiff argues that both York and Netherlands are primary UM insurers and, therefore, Netherlands is liable for any damages in excess of $200,000. *Id.* at 3.

The purpose of underinsured motorist coverage is to provide "gap coverage" which "permit[s] the injured party to recover the amount he would have received had the tortfeasor been insured to the same extent as the injured party." *Tibbetts*, 2010 ME 61, ¶ 17, 999 A.2d 930 (quoting *Connolly v. Royal Globe Ins. Co.*, 455 A.2d 932, 936 (Me. 1983)). In other words, an underinsured motorist provision allows a Plaintiff such as Harnden to be compensated "for a deficiency in the aggregate amount of the tortfeasor's liability coverage." *Connolly*, 455 A.2d at 936. Importantly, an underinsured motorist provision does "not support double recovery or a windfall to the plaintiff." *Tibbetts*, 2010 ME 61, ¶ 12, 999 A.2d 930. Therefore, an insured individual who has been "injured by a single tortfeasor" is not permitted to recover "a total that is greater than the insured's UM coverage limit." *Jipson v. Liberty Mut. Fire Ins. Co.*, 2008 ME 57, ¶ 9, 942 A.2d 1213. A court follows a two-step process to determine what, if any, amount is due to an injured party under this "gap approach." *Tibbetts*, 2010 ME 61, ¶ 17, 999 A.2d 930.

The first step is to determine the "coverage gap." *Id.* ¶ 18 (quotation marks omitted). For purposes of this motion, the parties agree: the undisputed facts result in a coverage gap of $500,000.[6] Mot. Summ. J., 5; Pl.'s Opp., 1.

The second step requires me to allocate responsibility to pay between the UM policies. *Tibbets*, 2010 ME 61, ¶ 19, 999 A.2d 930. Responsibility to pay the gap amount is assigned first to "UM insurers who contracted to be primary insurers," and then, in the case of any excess, to "excess UM insurers." *Id.* This second step is the focus of the parties' arguments and turns on the interpretation of the "Other Insurance" provisions included in each policy.[7]

To resolve this dispute, I must first look to the plain language of the policies. *Wright-Ryan Const., Inc. v. AIG Ins. Co. of Canada*, 647 F.3d 411, 415 (1st Cir. 2011).

---

[6] This gap is calculated by first determining the "amount the injured party would recover if the tortfeasor were insured to the amount of the injured party's UM coverage" and then "subtract[ing] the amounts already paid by the tortfeasor or by insurers in settlement" from that figure. *Tibbetts*, 2010 ME 61, ¶ 18, 999 A.2d 930. As accurately explained by Defendant:

> Ryan's policy with State Farm provided Plaintiff $100,000 of coverage, of which she was paid the policy limit. In addition, Plaintiff purports to have $600,000 total in available underinsured motorist coverage from the York and Netherlands Policies. Plaintiff is not entitled to recover a total that is greater than her underinsured motorist coverage limit. *Connolly v. Royal Globe Ins. Co.*, 455 A.2d 932 (1983). Moreover, any compensatory payments received by Plaintiff are offset against the potential judgment against an underinsured motorist carrier.
>
> . . .
>
> Plaintiff cannot recover more than the total amount of the limits of the UM coverage, which is $600,000. Since the tortfeasor's insurance was $100,000 and this amount was already recovered, this amount is subtracted from the total UM coverage limit and there is a potential coverage gap of $500,000.

Mot. Summ. J., 4-5.

[7] As noted by the First Circuit, "'Other Insurance' provisions are a standard element of liability insurance policies, intended to govern the relationship between and obligations of insurers whose policies provide overlapping coverage for the same claim or loss." *Wright-Ryan Const., Inc. v. AIG Ins. Co. of Canada*, 647 F.3d 411, 414 (1st Cir. 2011).

Although the language of the "Other Insurance" provisions included in each policy are identical – both the York policy and the Netherlands policy state that the terms "you" and "yours" used throughout refer to the "'named insured' shown in the Declarations" – when taken in the context of the whole contract, these provisions result in different coverage responsibilities. DSMF, Ex. 4 at 60 (York policy); DSMF, Ex. 5 at 26 (Netherlands policy). The "named insured" on the York policy is Michael Parsons and Sylvia S. Parsons. DSMF, Ex. 4 at 2. In contrast, the named insureds on the Netherlands policy are Scott H. Harnden and Patricia A. Harnden. DSMF, Ex. 5 at 6.

As demonstrated by the First Circuit in *Wright-Ryan Construction, Inc. v. AIG Insurance Company of Canada,* substituting the appropriate terms in each policy "readily establishes the priority of coverage between the two." 647 F.3d at 416. In effect, the York Policy reads:

> Any insurance [York] provides with respect to a vehicle [Parsons] do[es] not own, including any vehicle used as a temporary substitute for '[Parsons'] covered auto,' shall be excess over any collectible insurance similar to the insurance provided by this endorsement.

SMF, Ex. 4 at 75 (ECF No. 71-4). Meanwhile, the relevant portion of the Netherlands policy reads, in effect:

> Any insurance [Netherlands] provide[s] with respect to a vehicle [Harnden] do[es] not own, including any vehicle used as a temporary substitute for '[Harnden's] covered auto,' shall be excess over any collectible insurance similar to the insurance provided by this endorsement.

SMF, Ex. 5 at 68 (ECF No. 71-5).

As established in the stipulated record, Plaintiff was a passenger in a car both owned and operated by Sylvia Parsons. Because the York policy designates its coverage as 'excess' only with respect to vehicles Parsons did not own, York was the primary UM insurer in this accident. On the other hand, because the Netherlands policy expressly designates its UM coverage as 'excess' with respect to vehicles Harnden did not own, Netherlands is the excess UM insurer.[8] Contrary to Plaintiff's assertions, these "Other Insurance" provisions do not present a logistical logjam requiring the Court to declare them equally repugnant. The provisions are open to a rational reconciliation and should be given their plain meaning. *See York Mut. Ins. Co.*, 560 A.2d at 573 ("Inconsistent or repugnant other insurance clauses must be disregarded, thus rendering applicable the general coverage of each policy.").

I turn now to the parties' responsibility to pay. As primary UM insurer, payment of the $500,000 coverage gap is assigned first to York. *Tibbets*, 2010 ME 61, ¶ 19, 999 A.2d 930. The York policy provided up to $500,000 in underinsured motorist coverage. Because Netherlands is the excess UM insurer, Netherlands is entitled to an offset of York's full policy limit rather than an amount equal to York's actual contribution. *See* Pl.'s Resp., 3 ("Netherlands is only entitled to an offset of the full policy limit if it can show, undisputedly, that it is merely the excess UM carrier." (citing *Levine v. State Farm Mutual Automobile Insurance Co.*, 2004 ME 33, ¶¶ 11-14, 843 A.2d 24.)); *see also, Wright-*

---

[8] In other words, York, "the carrier insuring the non-negligent owner's vehicle," is the primary UM insurer while Netherlands, the carrier insuring the "non-owner passenger of that vehicle," is the excess UM insurer. Mot. Summ. J., 4, 6.

*Ryan Const., Inc.*, 647 F.3d at 414 (indicating that an excess "Other Insurance" provision "extends coverage for a claim only when other insurance available for the claim has been exhausted").

## CONCLUSION

For the reasons discussed above, Defendant Netherlands Insurance Company's Motion for Summary Judgment (ECF No. 72) is **GRANTED**.

**SO ORDERED.**

Dated this 3rd day of July, 2019

                                                      /s/ Lance E. Walker
                                                      U.S. DISTRICT JUDGE